## McGeehan *v.* Eastern Pennsylvania Railways Co., Appellant.

*Negligence—Street railways—Collision between buggy and car.*

In an action against a street railway company to recover damages for personal injuries. a verdict and judgment for the plaintiff will be sustained where the evidence shows that at the time of the accident plaintiff was riding in a buggy on a dark night along a country road which for a distance of 1,200 feet was practically parallel with the defendant's tracks, and but a few feet therefrom; that at a point where the tracks curved and crossed the road, the defendant maintained an electric bell which rang automatically when a car was within 500 feet of it; that on the night of the accident the bell was out of order and did not ring, and this condition had been reported to the car dispatcher several hours before; that plaintiff was familiar with the crossing and stopped when about twenty feet from it, and looked and listened for a car and listened for the sound of the electric bell, and continued to look as he advanced to the crossing; that his carriage was struck by a car running in the direction in which he was driving; that trees and underbrush at the side of the road interfered with the view of the tracks; that the car was running at a very rapid rate; and that no notice of its approach was given by gong or whistle.

Argued Feb. 13, 1912. Appeal, No. 224, Jan. T., 1911, by defendant from judgment of C. P. Schuylkill Co.,

March T., 1907, No. 13, on verdict for plaintiff in case of Daniel McGeehan v. Eastern Pennsylvania Railways Company.  Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before BECHTEL, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,504.  Defendant appealed.

*Error assigned,* amongst others, was in refusing binding instructions for defendant.

*Otto E. Farquhar* and *Guy E. Farquhar,* for appellant.

*J. O. Ulrich,* for appellee.

PER CURIAM, March 18, 1912:

The only question presented by this appeal is whether under all the evidence a verdict should have been directed for the defendant.  On a dark night the plaintiff was riding in a buggy on a country road which for a distance of twelve hundred feet was practically parallel with the defendant's tracks and but a few feet therefrom.  At a point where the tracks curved and crossed the road, the defendant maintained an electric bell which rang automatically when a car was within five hundred feet of it.  On the night of the accident, the bell was out of order and did not ring and this condition had been reported to the car dispatcher several hours before. The plaintiff was familiar with the crossing and stopped when about twenty feet from it and looked and listened for a car and listened for the sound of the electric bell, and continued to look as he advanced to the crossing. His carriage was struck by a car running in the direc-

tion he was driving. The testimony on behalf of the plaintiff was that the trees and underbrush at the side of the road interfered with a view of the tracks, that the car was running at a very rapid rate and that no notice of its approach was given by gong or whistle. This made out a prima facie case of negligence by the motorman without disclosing negligence by the plaintiff. The case was therefore for the jury.

The judgment is affirmed.